

# NUMBER 13-19-00029-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FREDDIE LEE WALKER,**                                          **Appellant,**

v.

**KATHRYN SLOWIK, HEARING OFFICER,**
**TEX. DEPT. CRIM. JUSTICE, PAROLE**
**DIVISION; JESUS SANTOS, SUPERVISING**
**OFFICER, TEX. DEPT. CRIM. JUSTICE,**
**PAROLE DIVISION,**                                             **Appellees.**

---

### On appeal from the 73rd District Court
### of Bexar County, Texas.

---

# ORDER

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Order Per Curiam

Appellant, Freddy Lee Walker, appeals from a final judgment entered by the trial

court on December 17, 2018.[1] This cause is before the Court on appellant's motion for a free appellate record. Appellant is incarcerated and proceeding pro se. Appellant's motion states he needs the record for purposes of preparing his appellate brief and has "previously been granted in forma pauperis status."

The clerk's record reflects appellant filed an affidavit of inability to pay costs on October 4, 2018, and does not reflect that a contest was filed. Appellant filed an affidavit of indigency and motion to proceed without payment of fees and costs with his notice of appeal on December 31, 2018.

Texas Rule of Civil Procedure 145 governs a party's claim that the party is unable to afford costs for preparation of the appellate record. *See* TEX. R. CIV. P. 145. A party who filed a statement of inability to afford payments of court costs cannot be required to pay costs except by order of the court. *See id.* R. 145(a). Costs are defined to include "fees charged by the clerk or court reporter for preparation of the appellate record." *Id.* R. 145(c). Texas Rule of Appellate Procedure 20.1(b)(1) provides that when a party files a statement of inability to afford payment of court costs in the trial court, the party is not required to pay costs in the appellate court unless the trial court overruled the party's claim of indigence by order under Texas Rule of Civil Procedure 145. *See* TEX. R. APP. P. 20.1(b)(1).

Accordingly, having fully examined appellant's motion and the record before us,

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001 (West, Westlaw through 2017 1st C.S.).

2

we GRANT appellant's motion and ORDER a free appellate record be prepared and made available to appellant on or before April 5, 2019.   It is FURTHER ORDERED that the trial court notify this Court as to the date upon which the appellate record was made available to appellant.

PER CURIAM

Delivered and filed the
20th day of March, 2019.

3